IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:24-CV-00042-M-RN

**Anthony Mina**,

    Plaintiff,

v.

**Southern Shores Town**, et al.,

    Defendants.

**Order**

    Defendants Mike Meredith and Corolla Watersports ask the court to strike a document filed by Plaintiff Anthony Mina titled, "Notice that Defendant Meredith Refused to Take a Polygraph Test Regarding the Facts of his House Fire that Plaintiff Offered to Pay for if He Passed the Polygraph." The moving parties ask the court to do so under Rule 12(f) of the Federal Rules of Civil Procedure and the court's inherent authority.

    Rule 12(f) does not apply here. That Rule allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But it applies only to pleadings, which Rule 7(a) defines narrowly. The document at issue here is not a pleading. *See* Fed. R. Civ. P. 7(a), 7(b); *see also* Fed. R. Civ. P. 5, 5.1(a), 11(a)– (b), 12(c); *White* v. *Vance Cnty.*, No. 5:19-CV-00467-BO, 2020 WL 6335950, at *1 (E.D.N.C. Oct. 23, 2020).

    Yet courts retain inherent authority to strike filings that are improper or abusive. *See Iota Xi Chapter of Sigma Chi Fraternity* v. *Patterson*, 566 F.3d 138, 150 (4th Cir. 2009). That authority is rooted in the court's broad discretion to manage its docket and safeguard the integrity of judicial proceedings. *See Degen* v. *United States*, 517 U.S. 820, 823 (1996) (recognizing the court's

inherent power to "protect [its] proceedings and judgments in the course of discharging [its] traditional responsibilities"). Consistent with that principle, courts may strike filings that are inappropriate, harassing, or intended to embarrass or intimidate. *See Morris* v. *Amtrak*, No. CV JKB-24–2260, 2024 WL 4826236, at *4 (D. Md. Nov. 19, 2024). But "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers* v. *NASCO, Inc.*, 501 U.S. 32, 44 (1991).

The court declines to exercise its discretion to strike Mina's filing. If the court were to strike every unnecessary or extraneous filing by a pro se party, it would scarcely have time to address more pressing matters that require its attention. And although the filing deals with matters that are irrelevant and likely inadmissible, it does not contain material that is inappropriate, harassing, or intended to embarrass or intimidate. So the court, in its discretion, denies the motion to strike (D.E. 76).

The court does, however, remind all parties that "unnecessary and excessive filings are not helpful to the court and impede judicial efficiency and the administration of justice[.]" *Jones* v. *Locklear*, No. 5:10-CT-3024-BO, 2010 WL 4623303, at *2 (E.D.N.C. Nov. 3, 2010). It also notes for each party that federal law allows the court to sanction "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously[.]" 18 U.S.C. § 1927. The court may require someone who violates this provision "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* And the court may also impose sanctions for such conduct under its inherent authority. The parties should keep these provisions in mind when considering whether to file additional documents with the court.

Dated: June 23, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge