IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:24-CV-00042-M-RN

ANTHONY MINA,

    Plaintiff,

v.

SOUTHERN SHORES TOWN, et al.,

    Defendants.

ORDER

Plaintiff brought this action against two towns, their municipal officials, and several other private individuals and entities for alleged misconduct stemming from a house fire and a zoning amendment. DE 35. Before the court are three motions to dismiss filed by Defendant Linda Lauby [DE 42], the Southern Shores and Kitty Hawk Defendants [DE 45], and Defendants Mike Meredith and Corolla Watersports [DE 68], as well as a Memorandum and Recommendation ("M&R") issued by the Honorable Robert T. Numbers II [DE 84]. Judge Numbers recommends that this court dismiss Plaintiff's federal claims and decline to exercise supplemental jurisdiction over his remaining state law claims. *Id.* at 18-19. Plaintiff filed a timely objection. DE 85. For the following reasons, the court adopts the findings contained in the M&R as its own and grants the motions to dismiss.

I. **Standard of Review**

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271

(1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), the party's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "[G]eneral and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

## II. Abbreviated Factual and Procedural History

Plaintiff brought claims under 42 U.S.C. §§ 1983, 1985, and 1986, alleging, *inter alia*, violations of his Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights. Am. Compl. DE 35 at 1–6, 52–53. His claims stem from two incidents: (1) a house fire on his neighbor's property that damaged his fence and several of his trees; and (2) a zoning amendment that prevented him from subdividing his property. *Id.* at 1-3, 3-6. Plaintiff alleges that Defendants have conspired to deprive him of his civil rights and cause him harm. *See* DE 35 at 53.

Defendants moved to dismiss Plaintiff's claims, arguing that he lacked standing to bring a 42 U.S.C. § 1983 claim and that he otherwise failed to state a claim upon which relief may be granted. DE 42 at 1; DE 45 at 1; DE 68 at 1. The motions were referred to Judge Numbers, who entered an M&R recommending that this court grant Defendants' motions to dismiss. DE 84 at 7. He concluded that that this court lacks subject matter jurisdiction over Plaintiff's Thirteenth Amendment claims, but that it has federal question jurisdiction over Plaintiff's remaining federal

2

claims, as well as supplemental jurisdiction over his state law claims. *Id.* at 8-9. He recommended that this court dismiss Plaintiff's remaining federal claims for failure to state a claim and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.* at 18-19.

Plaintiff filed a timely objection to the M&R. DE 85. He argues (1) that he plausibly alleged conspiracy claims under 42 U.S.C. §§ 1985 and 1986; and (2) that the court should not dismiss his claims without providing him with the opportunity to amend his complaint.[1] *Id.* at 1-2.

## III. Discussion

Plaintiff does not object to the M&R's "Background," "Subject-Matter Jurisdiction," or 42 U.S.C. § 1983 sections. After careful review and finding no clear error with those sections, the court adopts and incorporates by reference those portions of the M&R as if fully set forth herein. *See Diamond*, 416 F.3d at 315.

### a. Conspiracy Objection

Plaintiff objects to the M&R's recommendation that this court dismiss his Section 1985 and 1986 claims, insisting in two separate objections that both the Southern Shores and Kitty Hawk Defendants are "committing a federal civil rights conspiracy against plaintiff." DE 85 at 2, 5.

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedures tests the sufficiency of a complaint. *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011) (cleaned up). In reviewing motions brought under this rule, courts "accept[] as true the well-pled facts in the

---

[1] Plaintiff raises several other objections, but none are sufficiently particularized to trigger de novo review. He argues that the "Kitty Hawk Defendants have proven they have acted with deliberate indifference to the rights of Plaintiff" and that "Kitty Hawk and Southern Shores Defendants are all liable for failure to properly train employees[.]" DE 85 at 8-9. But these objections are not directed towards specific portions of the M&R. As such, the court declines to address them for lack of materiality.

3

complaint and view[] them in the light most favorable to the plaintiff." *Id.* at 505–06. "[T]he reviewing court must determine whether the complaint alleges sufficient facts . . . to state a claim to relief that is plausible on its face." *Goldfarb v. Mayor and City Council of Balt.*, 791 F.3d 500, 508 (quoting *Bell Atl. Cop. V. Twombly*, 550 U.S. 544, 555 (2007)). In conducting this inquiry, the court "need not accept [a complaint's] legal conclusions drawn from the facts, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Likewise, conclusory allegations are insufficient; instead, a Plaintiff's allegations must nudge the claims "across the line from conceivable to plausible." *See Iqbal*, 556 U.S. at 680-81.

To state a claim for conspiracy under Section 1985(3),[2] a plaintiff must plausibly allege that:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Strickland v. United States*, 32 F.4th 311, 360 (4th Cir. 2022) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)). "Section 1986, in turn, provides a cause of action against anyone who has knowledge of a § 1985 conspiracy and who, 'having the power to prevent or aid in preventing the commission of' acts pursuant to that conspiracy, 'neglects or refuses so to do.'" *Id.* (quoting 42 U.S.C. § 1986). "Section 1986 claims are therefore derivative of § 1985 violations." *Id.* (quoting *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997)).

---

[2] Plaintiff's amended complaint does not specify that his action is brought under 42 U.S.C. § 1985(3). However, in his Memorandum in Support of Opposition to Motions to Dismiss, Plaintiff refers to his claims as being brought under § 1985(3). DE 50 at 4, 13. Thus, the court will liberally construe the conspiracy claims in Plaintiff's amended complaint as claims arising under that subsection. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

4

Notably, the Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." *Id.* at 361. It has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.*

Plaintiff's Section 1985(3) and 1986 claims stumble out of the gate because he alleges the existence of a conspiracy in a "conclusory manner, [without] concrete supporting facts." *See id.* To prove a Section 1985 conspiracy, Plaintiff must show "that there was a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences." *Simmons v. Poe*, 47 F.3d 1370, 1378 (4th Cir. 1995) (cleaned up). Plaintiff's amended complaint alleges that "the meeting of the Defendant's minds is evident in the facts set forth in Plaintiff's complaint" and that "the evidence clearly shows the state actors and private actors working together to cause Plaintiff damages during real estate transactions and prevent Plaintiff from obtaining information needed to recover his financial loss caused by the defendants." DE 35 at 53. The facts alleged show no such thing.

First, nothing in Plaintiff's amended complaint plausibly alleges that Defendants conspired to hide information from him regarding zoning policies in Southern Shores. For example, Plaintiff points to an email he sent Defendant Haskett where he asks if there was "anything that would prevent [him] from subdividing the 75 E. Dogwood Trail lot[.]" DE 36-6 at 7. In response, Defendant Haskett advised that did not think a subdivision would be permissible under the relevant ordinance. *Id.* Plaintiff points to this communication for the proposition that Defendant Haskett *did not* inform him that he would be prevented from subdividing his lot. *See* DE 85 at 3. First, he did. Second, and more importantly, this does not suggest, even by implication, that Defendant Haskett had knowledge of, or was acting in accordance with, a plan to deceive Plaintiff as it related

5

to his property. *See Strickland*, 32 F.4th at 361; DE 35 at 53. The amended complaint contains no other allegations to overcome this deficit.

The amended complaint fails to plausible allege a house fire-based conspiracy for the same reason. Plaintiff alleges that the firefighters intentionally allowed Defendant Meredith's house to burn and falsified their fire reports; that Defendant Meredith and his wife banged on Plaintiff's door, screaming at him to flee his home; and that Plaintiff observed bullets shooting in his direction during the fire. Am. Compl. DE 35 at 1-2, 37. But again, none of this alleges a communication that could give rise to the inference of a conspiracy. Instead, he merely concludes that a conspiracy must have been present. *See* DE 85 at 5-6; DE 35 at 2-3, 36-39. This is conclusory, and it fails to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 680.

Even if Plaintiff had plausibly alleged a conspiracy, he has not plausibly alleged that Defendants were "motivated by a specific class-based, invidiously discriminatory animus[.]" *See Strickland*, 32 F.4th at 360. Plaintiff suggests that he was targeted on the basis of his socioeconomic status, DE 35 at 49, but this is not a suspect class that triggers heightened scrutiny. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (recognizing that socioeconomic status is not a suspect class). Likewise, Plaintiff cannot show discriminatory animus merely by pointing out that his hair is worn in dreadlocks. DE 85 at 9. Here, Plaintiff misunderstands what a cause of action under Section 1985(3) requires: a conspiracy between multiple persons "who are *motivated by* a specific class-based, invidiously discriminatory animus" to deprive a plaintiff of their civil rights. *Strickland*, 32 F.4th at 360 (emphasis added). At no point does Plaintiff allege that the deprivation he allegedly experienced was motivated by animus towards his hairstyle, so he fails to plausible allege § 1985(3)'s second element.

6

For these reasons, Plaintiff's Section 1985 and 1986 claims fail to state a claim upon which relief may be granted and must, therefore, be dismissed.

### b. Dismissal Objection

Finally, Plaintiff objects to the M&R's recommendation that the court dismiss his claims without first giving him the opportunity to amend his complaint. DE 85 at 1.

The Fourth Circuit has identified three justifications for denying leave to amend a complaint under Federal Rule of Civil Procedure 15: "prejudice to the opposing party, bad faith, or where the amendment would be futile." *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) (citing *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006)). Leave to amend may be denied on the ground of futility "when the proposed amendment is clearly insufficient or frivolous on its face." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 200 (4th Cir. 2014) (internal quotation marks omitted) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)). "A proposed amendment is also futile if it would not survive a motion to dismiss." *Save Our Sound OBX v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

Plaintiff argues that he should be afforded the opportunity to cure deficiencies in his complaint by amending it. DE 85 at 1. But Plaintiff provides no information in his objection as to how he would amend his complaint in such a way that would nudge his claims "across the line from conceivable to plausible." *See Iqbal*, 556 U.S. at 680. Indeed, the allegations in the amended complaint are so wholly disconnected from the necessary elements of Plaintiff's claims that the court finds that providing leave to amend would be futile. As such, Plaintiff's objection is

7

overruled, and Plaintiff will not be provided the opportunity to submit a second amended compalint.[3] *See Save Our Sound OBX*, 914 F.3d at 228.

## IV. Conclusion

For the foregoing reasons, the court adopts the findings and conclusions contained in the M&R as its own. Defendants' motions to dismiss [DE 42, 45, 68] are GRANTED. Plaintiff's §§ 1983, 1985 and 1986 claims are DISMISSED. The court declines to exercise supplemental jurisdiction over Plaintiff's claims for fraud, intentional interference with a contractual relationship, breach of contract, intentional infliction of emotional distress, and defamation. These state law claims are therefore DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to close this case.

SO ORDERED this 23d day of July, 2025.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The court acknowledges that Defendant Lauby has requested that the court exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss them with prejudice for failure to state a claim. DE 86. Though styled as a response, this filing objects to a recommendation made by Judge Numbers, and it is untimely. *See* DE 84 at 19 (stating that the parties could file an objection to the M&R within fourteen days of service). Regardless, the court agrees with Judge Numbers' assessment that "[t]hese claims involve issues about the liability of local actors under state law, and thus they are best resolved by state courts." *Id.* at 18-19.

8